**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENNETH M. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-262-SLR |
| | ) | |
| THOMAS CARROLL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing § 2254 Actions, 28 *U.S.C.* foll. § 2254,

Respondents state the following in response to the petition for writ of habeas corpus:

On January 20, 1998 a New Castle County grand jury indicted petitioner Kenneth M.

Smith on the charge of robbery in the first degree (11 *Del. C.* § 832(a)(2)). This charge stemmed

from a December 22, 1997 theft of a jacket at Value City, during the course of which Smith

threatened the immediate use of force upon store detective John Giordano. Giordano observed

Smith remove two jackets from the rack, roll them up, and tuck them under his arm. Smith left

the store without paying for the jackets. Giordano followed Smith outside the store and

confronted Smith by saying, "excuse me." Smith immediately turned around, motioned as if he

had a gun in his pocket, and said, "back off." Giordano believed Smith had a gun, and returned

to the store and called police. Smith returned to the store several hours later and Giordano again

observed Smith shoplifting. Giordano and another store detective approached Smith from

behind, grabbed his arms, and placed him in handcuffs.

1

A jury found Smith guilty as charged after a two-day trial that commenced on June 3, 1998.  On August 7, 1998 the Superior Court declared Smith to be an habitual offender, and sentenced him to a term of natural life at level V incarceration.  Smith appealed his conviction and sentence.  On appeal, Smith raised three issues: (1) that he was denied due process by Superior Court's failure to hold a prayer conference; (2) that he was denied due process because the jury instruction contained an impermissible presumption; and (3) that he was denied due process because the jury instruction on the lesser included offense of shoplifting indicated that the offense was a misdemeanor.  On September 7, 1999, the Delaware Supreme Court affirmed Smith's conviction and sentence.  *Smith v. State*, 1999 WL 734717 (Del.).

On June 14, 2000, Smith filed a motion for post-conviction relief under Criminal Rule 61 in the Superior Court.  The Superior Court denied Smith's motion on July 14, 2000, determining that five claims were procedurally barred by Criminal Rule 61(i)(3) and (4), and that the claims of ineffective assistance of counsel were without merit.  *State v. Smith*, ID No. 9712014022, Barron, J. (Del. Super. Ct. July 14, 2000).  Smith appealed the Superior Court's July 2000 order to the Delaware Supreme Court and raised seven grounds for relief: (1) violation of the confrontation clause because of the prosecution's failure to call one of the two store security guards as a witness; (2) insufficiency of evidence; (3) improper jury instructions; (4) prosecutorial misconduct; (5) illegally sentenced as an habitual offender;  (6) ineffective assistance of counsel during closing argument; and (7) ineffective assistance of counsel at sentencing.  On December 20, 2000, the Delaware Supreme Court affirmed the Superior Court decision denying Smith's motion for post-conviction relief.  *Smith v. State*, 2000 WL 1887933 (Del.).

On April 5, 2004 Smith filed a motion for modification of his sentence.  On April 16, 2004, Superior Court denied the motion for sentence modification.  Smith next filed a second motion for post-conviction relief on May 13, 2004.  Superior Court denied that motion as being procedurally barred on June 28, 2004.  *State v. Smith*, 2004 WL 1551513 (Del. Super. Ct.).  Smith appealed the denial of his second Rule 61 motion, and the Delaware Supreme Court affirmed on September 21, 2004.  *Smith v. State*, 2004 WL 2154301 (Del.).

Smith has now applied for federal habeas corpus relief.  In his petition dated April 30, 2005, Smith presents four claims for relief: (1) the evidence was insufficient to convict him of first degree robbery; (2) the evidence does not support a reduction in the conviction to second degree robbery; (3) that the store surveillance tape should not have been admitted because it was irrelevant; and (4) that the state courts' reliance on the amended version of the first degree robbery statute when denying his post-conviction motion violated the *ex post facto* clause.  (D.I. 2 at 5-19).

While Smith separates his first and second claims, they are more properly parts of the same claim: that there was insufficient evidence to convict him of first degree robbery, and, anticipating success on this claim, that there was insufficient evidence to support a conviction for the lesser-included offense of second degree robbery.  These two claims are time-barred.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 *U.S.C.* § 2244(d)(1)(A).  The Superior Court sentenced Smith on August 7, 1998.  Smith timely appealed his conviction and sentence.  On September 7, 1999, the Delaware Supreme Court affirmed Smith's conviction.  Smith did not file a petition for a writ

3

of certiorari with the United States Supreme Court.  Thus, the one-year period for the filing of

any federal habeas petition by Smith began to run on December 7, 1999 when the period expired

for seeking review by the Supreme Court. Smith filed his *pro se* motion for post-conviction relief

under Criminal Rule 61 on June 14, 2000, 190 days of the period having elapsed.  *See, e.g.,*

*Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).  Smith's Rule 61 motion was timely filed in

Superior Court, and tolled the one-year period in which Smith could file a habeas petition.  The

habeas period remained tolled until December 20, 2000, when the Delaware Supreme Court

affirmed the Superior Court's denial of Smith's Rule 61 motion.  The limitations period resumed

and ran unchecked until it expired on June 13, 2001.  *See, e.g., Burns v. Morton*, 134 F.3d 109

(3d Cir. 1998).  When Smith filed his second motion for post-conviction relief on May 13, 2004,

the one-year period in which he could file his federal habeas petition had already expired.

Smith's second motion for post-conviction relief could not toll a habeas limitations period that

had already expired.  *See, e.g., Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Vroman*

*v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

  A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison

officials for mailing to the district court; Smith's petition is dated April 30, 2005.  (D.I. 1).  In the

absence of proof respecting the date of delivery, that date is the presumptive date the petition

was delivered to prison officials for mailing.  *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir.

2003); *Woods v. Kearney*, 215 F.Supp.2d  458, 460 (D. Del. 2002).  Smith's petition is thus

untimely under section 2244(d).  *See Woods*, 215 F.Supp.2d at 460.

  Smith cannot save his untimely petition by invoking the doctrine of equitable tolling, as

that doctrine only applies when: "(1) the defendant has actively misled the plaintiff, (2) if the

plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the

plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195

F.3d 153, 158 (3d Cir. 1999). Smith has not articulated any basis under which the doctrine

would arguably be appropriate.

      Smith's first and second claims must also be dismissed as exhausted but procedurally

defaulted. Section 2254(b) requires that a state prisoner seeking federal habeas relief first

exhaust remedies available in the state courts. 28 *U.S.C.* § 2254(b); *Castille v. Peoples*, 489 U.S.

346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a

petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v.

Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of

the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d

Cir. 1993). Further, a petitioner must have raised in the state courts the factual and legal

premises of his claims presented in his petition. *Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d

Cir. 1986). If the claim is fairly presented, then state remedies have been exhausted regardless of

how the state court disposes of the claim. *Smith v. Digmon*, 434 U.S. 332, 333 (1978). Smith

presented his sufficiency of evidence claim to the Delaware Supreme Court on appeal of his first

motion for post-conviction relief, thus exhausting his state remedies on this claim. *Id.* After

finding that a petitioner has exhausted state remedies, however, this Court "must then assure

itself that a habeas petitioner has complied with relevant state procedural requirements before it

can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864

F.2d 306, 310 (3d Cir. 1989). The Delaware Supreme Court did not reach the merits of Smith's

sufficiency of evidence claim, finding that he failed to raise the claim on direct appeal of his

conviction, citing Superior Court Criminal Rule 61(i)(3). Furthermore, the Delaware Supreme

Court determined that Smith's claim did not amount to a fundamental miscarriage of justice so as

to permit an exception to the procedural bar under Rule 61(i)(5).  *See Johnson v. Ellingsworth*, 783 F.Supp. 215 (D. Del. 1992).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000).  To demonstrate cause for the procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules.  *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986).  To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.  *Carrier*, 477 U.S. at 493-94 (*quoting United States v. Frady*, 456 U.S. 152, 170 (1982)).  Smith has alleged the Delaware Supreme Court's decision in *Walton v. State*, 821 A.2d 871 (Del. 2003), should excuse his procedural default of this claim.

Smith alleges that *Walton* affected a retroactive change in the elements necessary to support a conviction for robbery in the first degree.  *Walton* reversed a first degree robbery conviction where the defendant provided a note to a teller in the course of a bank robbery demanding money, stating in the note that he was armed, but without making any objective display of a weapon.  *Walton*, 821 A.2d at 873-74.  The teller in *Walton* did not testify that the defendant's hand in his pocket appeared to be a bomb. *Id*. at 873.  *Walton* noted that the teller did not suggest that Walton made a gesture toward a bulge or other object on his person that appeared to be a deadly weapon.  *Id*. at 876.   The United States Supreme Court has held that whether the Due Process Clause requires a State to apply a new interpretation of a state criminal

6

statute to cases on collateral review turns on whether the new decision, according to the state

court, clarifies statutory interpretation or constitutes a break with precedent. *Fiore v. White*, 531

U.S. 225, 226, 228 (2001). The Delaware Supreme Court's decision in *Walton* was an extension

of its holding in *Word v. State*, 801 A.2d 927 (Del. 2002). In *Word,* the Delaware Supreme

Court expressly described its holding regarding the "display" element of the crime of first degree

robbery as "not new but rather based on clear precedent dating back to out first interpretation of

this statutory element … in *State v. Smallwood*, [346 A.2d 164, 166 (Del. 1975)]."[1] Thus, under

*Fiore*, *Walton* would have retroactive effect.

That *Walton* does have retroactive reach does not end the inquiry or require this Court to

grant Smith's petition for a writ of habeas corpus. Simply put, *Walton* does not mean that the

prosecution failed to prove the element of "display" beyond a reasonable doubt so as to deny

Smith due process. When the Delaware Supreme Court affirmed Smith's conviction on direct

appeal, the Court found that:

> Smith was arrested after shoplifting from Value City, a discount department store.
> On the afternoon of December 22, 1997, John Giordano, a store security guard,
> saw Smith take two jackets off the rack, roll them up, and tuck them under his
> arm. Since Smith's conduct was suspicious, Giordano went to the security office
> to focus the security camera on him. Giordano saw Smith leave the store without
> paying for the jackets. Giordano followed him outside and started to confront
> Smith by saying, "Excuse me." Smith turned around, **motioned as if he had a
> gun in his coat pocket**, and said "Back off." Giordano thought Smith had a gun,
> so he returned to the store and called the police.

Superior Court, in its June 28, 2004 decision, detailed the relevant testimony that permitted the

Supreme Court to have earlier made such finding in its September 7, 1999 order:

> At trial, Mr. Giordano testified that he first saw the Defendant with his
> hand under his coat. When asked if he could discern what was under the coat,

---

[1] A federal court must accept the state court's own determination of the application of precedent
versus new law issue. *Fiore*, 531 U.S. at 228.

Mr. Giordano answered that he could not see if anything was there.  The relevant testimony substantiates and evidences, as such:

Q. When you said, "Excuse me," what did the defendant then do?

A. He turned around with his right arm—hand inside of his jacket as if he was going to get something (indicating).

Q. You're indicating –your right hand is tucked kind of—I guess the front opening?

A. Right….

Q. Okay.  Put your hand back.  Do exactly what he did to you at that point.

A. He turned around—he turned around like this and said, "Back off."

Q. Did he still have the coats in his left hand?

A. Yes.  The coats were up under here (indicating), hand was in here, he said, "Back off."

Q. Could you see what was under the coat?

A. No, I couldn't.

Q. Now, you just explained it.  Did he use that same tone?  Was he a matter of fact?  Was he menacing?  How did he say it to you?

A. He said it like he meant it.  Like there actually was something under his coat.

Q. Okay.  How did you feel at that point?  What did you think?

A. Well, doing this for 18 years, I've come to know when something is wrong and when to walk away.

Q. Why did you walk away?

A. Because I was afraid I was going to get shot.

Giordano's testimony was sufficient to establish his subjective belief that Smith had a weapon. *See Walton*, 821 A.2d at 874 (explaining concept of "display")(citing cases).  Moreover, Smith's movement of his hand into his jacket was enough to establish an objective manifestation of a weapon.  *See Muhammad v. State*, 829 A.2d 137, 139 (Del. 2003); *Deshields v. State*, 706 A.2d 502, 507 (Del. 1998); *Deshields v. State*, 1988 WL 71442 (Del.) (Ex. A).

Walton did not effect a change in the definition of "display" for purposes of first degree robbery, and Smith's conviction for first degree robbery is thus unaffected.  Smith has demonstrated neither cause for the procedural default of his sufficiency of evidence claims, nor prejudice from his default.  Smith's first and second claims should thus be dismissed.

8

Smith's third claim, that a store surveillance video was erroneously admitted in evidence, is not cognizable in federal habeas, as it alleges a violation of state rules of evidence, not federal law. Smith's claims must fail under 28 *U.S.C.* § 2254(a) as he has not alleged that he is in custody in violation of the Constitution or laws of the United States, but has instead challenged Delaware courts' interpretation of Delaware law. Moreover, there is no hint that the issue was presented as a federal claim in the state courts. *See Ayers v. Kearney*, 2005 WL 1106078, *5 (D. Del.)(Ex. B); *Deputy v. Taylor*, 1993 WL 643368, *16 (D. Del.)(Ex. C). "The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997), *quoting Geschwendt v. Ryan*, 967 F.2d 877, 888-89 (3d Cir. 1992). *See also United States v. Torres*, 383 F.3d 92, 104 (3d Cir. 2004); *quoting Engle v. Isaac*, 456 U.S. 107, 121 n. 21 (1982). A claim that does not allege a violation of the Constitution or laws of the United States, exhaustion of Smith's third claim is irrelevant to the disposition of his petition.[2]

Smith's fourth claim must fail under 28 *U.S.C.* § 2254(a) as he has not alleged that he is in custody in violation of the Constitution or laws of the United States, but rather has alleged that the Delaware state courts violated the *ex post facto* clause in denying his second motion for post-conviction relief. A petitioner seeking federal habeas relief may only challenge the fact or duration of confinement. Although Smith indirectly challenges the fact of his confinement, his fourth claim of error relates only to the manner in which the state courts analyzed and disposed of his second post-conviction application. The Third Circuit has recognized that such allegations as Smith has made are not cognizable in federal habeas corpus. *Hassine v. Zimmerman*, 160

---

[2] In the event that this Court finds that Smith has asserted a federal claim in his third ground for relief, Respondents assert that this claim too is time-barred for the reasons offered in response to Smith's first and second grounds.

F.3d 941, 954 (3d Cir. 1998) ("the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.") (emphasis in original).  The Third Circuit has since extended its holding in *Hassine* to apply not just to delay in post-conviction proceedings, but any allegations of error in the course of a prisoner's post-conviction relief.  *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004).  *Lambert* dealt not merely with delay in the collateral proceedings, but an allegation by the prisoner that the prosecution had manipulated evidence at the post-conviction evidentiary hearing.  *Id.*  The *Lambert* court emphasized that "It is the original trial that is the 'main event' for habeas purposes."  *Id.*  Because under *Hassine* and *Lambert*, Smith's fourth claim presents no cognizable cause of action under section 2254, he is not required to exhaust state remedies. *Tillett v. Freeman*, 368 F.2d 106 (3d Cir. 1989).

Transcripts of Smith's trial and sentencing in Superior Court were prepared and filed. No hearing took place during the course of Smith's post-conviction motions.  In the event that the Court directs production of any transcript, Respondents cannot state with specificity when the transcripts could be produced, but reasonably expects that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be denied without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
Dated: July 25, 2005                    (302) 577-8398

11