**Westlaw Attached Printing Summary Report for SMITH, GREGORY E 2301848**

| | |
|---|---|
| Your Search: | TI(DESHIELDS & STATE /5 DELAWARE) |
| Date/Time of Request: | Monday, July 25, 2005 11:44:00 Central |
| Client Identifier: | DOJ-SMITH V. CARROLL |
| Database: | DE-CS |
| Citation Text: | 544 A.2d 265 (Table) |
| Lines: | 95 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.



544 A.2d 265 (Table)                                                                                                                     Page 1

544 A.2d 265 (Table), 1988 WL 71442 (Del.Supr.)
**Unpublished Disposition**

**(Cite as: 544 A.2d 265, 1988 WL 71442 (Del.Supr.))**

▷

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
James A. **DeSHIELDS,** Defendant Below, Appellant,
v.
**STATE** of **Delaware**, Plaintiff Below, Appellee.
**No. 415, 1987.**

Submitted: June 20, 1988.
Decided: June 28, 1988.

Superior Court, New Castle County.

AFFIRMED.

Before CHRISTIE, Chief Justice, and WALSH and HOLLAND, Justices.

*ORDER*

HOLLAND, Justice.

**\*1** This 28th day of June, 1988, it appears to the Court that:

1) Following a bench trial in the Superior Court, the defendant-appellant, James A. DeShields ("DeShields"), was convicted of first degree robbery. DeShields was sentenced to thirteen years of imprisonment. DeShields now appeals his conviction.

2) DeShields' attorney has filed a brief pursuant to Supreme Court Rule 26(c). In the brief, DeShields' attorney raises one arguably appealable issue, i.e., that DeShields did not "display" a deadly weapon during the robbery and, hence, was at most guilty of second degree robbery. The Rule 26(c) brief also contains a related point which DeShields wishes the Court to consider. DeShields apparently argues that certain inconsistencies in the testimony of two victims must lead to the conclusion that their testimony was insufficient, as a matter of law, to support the finding of fact that he possessed a weapon. Thus, he contests the sufficiency of the evidence supporting the aggravating factor which made the crime first degree robbery. *See* 11 *Del.C.* § 832(a)(2). [FN1]

3) The State has filed an answer and has requested that this Court affirm the judgment of the Superior Court. The State argues that a weapon's existence may be made known to a victim, even though he does not actually see it, because the term "display" as used in Section 832(a)(2) includes recognition by mental awareness. *See State v. Smallwood,* Del.Supr., 346 A.2d 164, 166-67 (1975); *State v. Harrigan,* Del.Supr., 447 A.2d 1194, 1196-97, *aff'd,* Del.Supr., 447 A.2d 1191, 1193 (1982) (per curiam). The State further argues that the trier of fact resolved the issue of credibility between the victims and DeShields against DeShields and that this determination may not be disturbed on appeal when it is supported by competent evidence. *See State v. Rooks,* Del.Supr., 401 A.2d 943, 949 (1979); *Bowers v. State,* Del.Supr., 396 A.2d 962, 963 (1978) (per curiam); *Tyre v. State,* Del.Supr., 412 A.2d 326, 330 (1980).

4) The United States Supreme Court has held that when a defendant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original), *quoted in Davis v. State,* Del.Supr., 453 A.2d 802, 803 (1982) (per curiam).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

544 A.2d 265 (Table)                                                                                                Page 2

544 A.2d 265 (Table), 1988 WL 71442 (Del.Supr.)
**Unpublished Disposition**

**(Cite as: 544 A.2d 265, 1988 WL 71442 (Del.Supr.))**

*See also Williams v. State,* Del.Supr., 539 A.2d 164, 168 & n. 4 (1988) (en banc).

5) In construing Section 832, this Court has held "that 'display' includes not only the notion of spreading before view or exhibiting to the sight, but also that which is manifested to any of a victim's senses." *State v. Smallwood,* 346 A.2d at 167. *See also State v. Harrigan,* 447 A.2d at 1196. In the case before us, there is testimony from the two victims that DeShields threatened to blow their heads off and reached into his coat pocket "as if he was reaching for a gun." In *State v. Smallwood,* we found similar testimony to be sufficient evidence to support a conviction for a violation of Section 832. 346 A.2d at 166-67. In this case, we find that "the evidence, viewed in its entirety and including all reasonable inferences, is sufficient to enable a [trier of fact] to find that the State's charge has been established beyond a reasonable doubt." *Holden v. State,* Del.Supr., 305 A.2d 320, 322 (1973), *quoted in Williams v. State,* 539 A.2d at 168.

6) To the extent that DeShields challenges the credibility of the victims' testimony, it is well settled that the trier of fact is the sole judge of the credibility of witnesses and is "responsible for resolving conflicts in the evidence." *Sheeran v. State,* Del.Supr., 526 A.2d 886, 892 (1987). *See also Younger v. State,* Del.Supr., 496 A.2d 546, 549 (1985); *Tyre v. State,* 412 A.2d at 330; *Williams v. State,* 539 A.2d at 168. Therefore, we must affirm the judgment of the Superior Court.

**\*\*2** NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court resulting in DeShields' conviction is AFFIRMED.

> FN1. Section 832 currently provides in pertinent part:
> (a) A person is guilty of robbery in the first degree when he commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

\* \* \*

(2) Displays what appears to be a deadly weapon

\* \* \*

11 *Del.C.* § 832(a)(2).

544 A.2d 265 (Table), 1988 WL 71442 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.