**Westlaw Attached Printing Summary Report for SMITH, GREGORY E 2301848**

| | |
|---|---|
| Your Search: | CLAIM /P PRESENT! /P STATE /P LAW /P NOT /P FEDERAL /P HABEAS /P COGNIZABLE |
| Date/Time of Request: | Monday, July 25, 2005 11:23:00 Central |
| Client Identifier: | DOJ-SMITH V. CARROLL |
| Database: | DCTDE |
| Citation Text: | Slip Copy |
| Lines: | 561 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.



Slip Copy
2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Andrew AYERS, Petitioner,
v.
Richard KEARNEY, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 03-281-GMS.**

May 6, 2005.

Andrew Ayers. petitioner pro se.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. for respondents.

MEMORANDUM OPINION

SLEET, J.

I. INTRODUCTION

**\*1** Petitioner Andrew Ayers is a Delaware inmate at the Sussex Correctional Institution in Georgetown, Delaware. He has filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1.) For the reasons that follow, the court will dismiss his petition.

II. FACTUAL AND PROCEDURAL BACKGROUND

As adduced at trial and summarized by the Delaware Supreme Court in Ayers' direct appeal, the facts leading to Ayers' conviction are as follows:
  On the afternoon of November 5, 1999, Monroe Hudson of the Delaware State Police observed Andrew Ayers get into a black pick-up truck on Pinetown Road near Lewes, Delaware. After driving a short distance on Pinetown Road, the truck turned behind a row of bushes that blocked Hudson's view. When the truck emerged from behind the bushes, Ayers was no longer in the truck. Shortly thereafter, the police identified the driver of the truck as Troy Abbott. Suspecting that Ayers and Abbott had conducted a drug transaction, the police sent a trooper to Abbott's residence to question him. During the ensuing interview, Abbott admitted that he had purchased a quantity of crack cocaine from Ayers for forty dollars, and Abbott surrendered the cocaine to the trooper. Based on Abbott's statements, the police arrested Ayers and charged him with one count of delivery of cocaine.
At Ayers' trial, Abbott appeared as a witness for the State and repeated his description of the drug transaction with Ayers. Abbott also testified about his addiction to crack cocaine, his appearance in drug court stemming from his arrest for possession of cocaine in this case, and the resulting treatment process he was undergoing at the time of trial. At trial, the State also introduced the testimony of Hudson and Rodney Layfield, also of the Delaware State Police. Hudson testified that he observed Ayers get into Abbott's pick-up truck and turn down the side road where a hedgerow obscured his view from Pinetown Road. A video taken from a camera in his patrol car confirmed Hudson's observations. He noted that this was a usual spot for drug transactions because of the hedgerow screen and that the activity he witnessed was consistent with a drug deal, based on his experience as a police officer. Layfield primarily testified about earlier dealings involving purchases of cocaine from Troy Abbott. In addition, he stated that, in his considerable experience with drug related arrests, he did not recall anyone convicted of a misdemeanor like the one which Abbott was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 2
2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

charged ever being jailed as a result.
*Ayers v. State,* 802 A.2d 278, 280-81 (Del.2002).

On April 3, 2000, a Delaware Superior Court jury convicted Ayers for delivery of cocaine (16 Del. C. Ann. § 4751(a)). The Superior Court sentenced him to thirty years in prison, suspended after a mandatory-minimum period of fifteen years for probation. The Delaware Supreme Court affirmed Ayers' conviction and sentence. *Ayers v. State,* 781 A.2d 692 (table), 2001 WL 292610 (Del.2001).

**\*2** On August 30, 2001, Ayers filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed this decision. *Ayers v. State,* 802 A.2d 278 (Del.2002).

Ayers filed in this court an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 13, 2003. (D.I.1.) The state filed an answer asking the court to dismiss the petition. (D.I.11.) Ayers' petition is now ready for review.

III. GOVERNING LEGAL PRINCIPLES

A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See Woodford,* 538 U.S. at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

B. Exhaustion and Procedural Default

AEDPA states, in pertinent part:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

**\*3** To satisfy the exhaustion requirement, a petitioner generally must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2005 WL 1106078 (D.Del.)  
**(Cite as: 2005 WL 1106078 (D.Del.))**

Page 3

(citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec.22, 2000). A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). "Fair presentation" also requires raising the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

If a petitioner failed to exhaust state remedies and state procedural rules preclude further relief in the state courts, the exhaustion requirement is deemed satisfied because there is no available state remedy. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). However, even though these claims are treated as exhausted, they are still procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Werts,* 228 F.3d at 192.

A federal habeas court cannot consider the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *Coleman v. Thompson,* 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

C. Standard of Review Under AEDPA

***4** Once a federal court determines that a claim is exhausted and not procedurally defaulted, it must next determine the appropriate standard for reviewing the habeas claim. If a state court adjudicated the federal habeas claim on the merits, then the federal habeas court can only grant habeas relief when the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 4

2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004) (internal citations omitted). In short, "a failure to decide affects the standard of review; a failure to discuss (either at all or to the satisfaction of the habeas petitioner or the federal court) is irrelevant." *Id.*

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 341, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

IV. DISCUSSION

Ayers asserts four claims in his habeas petition: (1) the witness who purchased cocaine from Ayers was not a trained DEA agent; (2) ineffective assistance of counsel for failing to object to a police officer's reference to Ayers' involvement in Operation Safe Streets and for failing to move for a mistrial after this statement; (3) the State improperly withheld discovery evidence regarding Ayers' prior criminal history; and (4) police perjury. (D.I. 1 at 5-6.)

The State asks the court to dismiss Ayers' habeas petition for two reasons: (1) Ayers procedurally defaulted claims one, three, and four in state court without any excuse, therefore precluding federal habeas review of these claims; and (2) Ayers' ineffective assistance of counsel claim (claim two) does not warrant federal habeas relief because the Delaware Supreme Court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. (D.I.10.)

**\*5** After obtaining the court's permission, Ayers filed a traverse ("reply") to the State's answer, arguing that he exhausted state remedies with respect to claims one and four, thus, the claims should be reviewed on their merits. Almost a full year later, and without the court's permission, Ayers filed a document titled "Amended/Supplemental Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 By a Person in State Custody." (D.I.23.) In this document, Ayers requests an evidentiary hearing and also appears to assert seven more claims regarding his trial counsel's alleged ineffective assistance.

The court will consider Ayers' reply in its review of his habeas claims, as well as his request for an evidentiary hearing. However, the court will consider only one of the additional assertions of ineffective assistance of counsel contained in his amended petition, namely, that his counsel provided ineffective assistance by failing to move for a mistrial. This allegation further supplements his ineffective assistance of counsel claim regarding his counsel's failure to object to testimony regarding Operation Safe Streets. [FN1] However, the court will not consider the six other additional claims regarding his counsel's ineffective assistance because Ayers did not request leave from the court prior to raising these additional claims and the State has not granted its written consent to this amendment. Given that a year has passed since he filed his reply to the State's answer, the court concludes that justice does not require granting the amendment. *See* Fed.R.Civ.P. 15(a).

> FN1. In its answer, the State speculated that Ayers really intended to argue that his counsel's failure to move for a mistrial constituted ineffective assistance of counsel, and it addressed this issue. (D.I. 11 at 14). The court views the State's discussion as implicit consent for Ayers' subsequent addition of this claim.

A. Ayers' expert witness claim does not present a claim cognizable on federal habeas review

Ayers' first claim asserts that Troy Abbott was not

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                         Page 5
2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

qualified as an expert or DEA Agent under the Delaware Rules of Evidence, thus, his testimony regarding the cocaine transaction was inadmissible. The State contends that Ayers did not exhaust state remedies because he never presented this claim to the Delaware Supreme Court. Further, because no further state remedies are available, and Ayers has not demonstrated cause for, or prejudice resulting from, this procedural default, the State argues that the court is procedurally barred from reviewing this claim. Ayers argues, however, that he did exhaust state remedies for this claim by raising it as an example of his trial counsel's alleged ineffectiveness in his Rule 61 motion he presented to the Superior Court and to the Delaware Supreme Court in his post-conviction appeal.

Ayers' § 2254 petition asserts the instant witness qualification **claim** as an independent **habeas claim, not** as part of an ineffective assistance of counsel **claim**. As **presented** to the court, the witness qualification **claim** asserts an error of **state** evidentiary **law** that is **not cognizable** on **federal habeas** review. [FN2] 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-8, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(it is **not** the province of a **federal** court to re-examine a **state** court's determination of **state law**); *Riley v. Taylor,* 277 F.3d 261, 310 n. 8 (3d Cir.2001); *Mundy v. Snyder,* 2002 WL 1285547, at *3 (D.Del. June 10, 2002). Thus, the court will dismiss this **claim** because it does **not** provide a basis for **federal habeas** relief.

> FN2. Consequently, the court will not address the exhaustion issue.

B. Trial counsel's failure to object to the Operation Safe Streets reference or move for a mistrial after this reference did not constitute ineffective assistance of counsel

**\*6** Ayers' second claim asserts that defense counsel provided ineffective assistance by failing to object to a police officer's testimony regarding Ayers' involvement in Operation Safe Streets ("OSS"). [FN3] His amended § 2254 petition asserts that his counsel also provided ineffective assistance by failing to move for a mistrial after this testimony.

Ayers exhausted state remedies for both claims by presenting them to the Delaware Supreme Court in his post-conviction appeal. [FN4] The record reveals, however, that the Delaware Supreme Court only adjudicated the merits of the ineffective assistance/mistrial claim; it did not adjudicate the merits of his ineffective assistance/failure to object claim. [FN5] *See Holloway v. Horn,* 355 F.3d 707, 718-19(3d Cir.2004)(a state court opinion which does not even mention a federal constitutional claim does not constitute an adjudication on the merits) (citing *Smith v. Digmon,* 434 U.S. 332, 333, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978)). Consequently, the court will determine whether the Delaware Supreme Court reasonably applied clearly established federal law in denying Ayers' mistrial claim under § 2254(d)(1)'s deferential standard of review, [FN6] but will review the failure to object claim *de novo* under pre-AEDPA standards. [FN7] *Holloway,* 355 F.3d at 718-19.

> FN3. "Operation Safe Streets is a joint police and probation program designed to apprehend offenders who fail to comply with the terms of their probation." *Ayers,* 802 A.2d at 284 n. 12.
>
> FN4. In his Rule 61 motion presented to the Delaware Superior Court, Ayers argued that "[c]ounsel should have objected and moved for a mistrial" with respect to the testimony regarding Ayers' status on Operation Safe Streets. (D.I. 13, Def. Appellant's App. at A-56, A-57, *Ayers v. State* (No. 14, 2002)). In his post-conviction appeal, Ayers argued that: Trial counsel's failure to object to the prosecutor's expressing his personal opinion on the merits of the case, referring to the defendant as a drug dealer, [ 4 other examples], and failing to move for a mistrial when it was mentioned that defendant was on 'operation safe streets.' " *Id.* (D.I. 13, Def. Appellant's Opening. Br. on Appeal at 5, *Ayers v. State* (No. 14, 2002)).
>
> FN5. On post-conviction appeal, the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 6

2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

Delaware Supreme Court only discussed Ayers' contention that his trial counsel's failure to move for a mistrial constituted ineffective assistance; it never mentioned counsel's alleged failure to object to the OSS reference. Regardless, even if the Delaware Supreme Court had adjudicated the instant issue on the merits, and this court was required to apply § 2254(d)(1)'s deferential standard of review, federal habeas relief would not be warranted for this claim.

FN6. When a "run-of-the-mill state-court decision applie[s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent. *Williams,* 529 U.S. at 406. Here, the Delaware Supreme Court applied *Strickland* to Ayers' ineffective assistance/mistrial claim. Thus, its decision was not "contrary to" *Strickland,* and the court will review this claim under the "unreasonable application" prong of § 2254(d)(1).

FN7. When a habeas court reviews a claim *de novo,* it must determine whether the claim has merit without paying "special heed to the underlying state court decision." *Jermyn v. Horn,* 266 F.3d 257, 300 (3d Cir.2001). The court must still presume the state court's finding of facts to be correct. This presumption may, however, be rebutted upon a showing of clear and convincing evidence under § 2254(e)(1). *Jacobs v. Horn,* 395 F.3d 92, 100 (3d Cir.2005). Accordingly, the court will proceed to independently examine whether Ayers' trial counsel's failure to object to the police officer's testimony that Ayers was part of OSS constituted ineffective assistance of counsel under the Sixth Amendment.

It is well-settled that the two-pronged standard enunciated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) governs ineffective assistance of counsel claims. *See Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). To prevail on his claim of ineffective assistance of counsel, Ayers must demonstrate both that: 1) counsel's performance fell below an objective standard of reasonableness; and 2) counsel's deficient performance prejudiced the petitioner's defense; in other words, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-88, 692-94. When applying the *Strickland* test, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Ayers' basis for claiming ineffective assistance of counsel stems from the following exchange during his trial:
  Trial Counsel: Do you know when he [Ayers] was arrested?
  Police Officer: Yes, sir, I do. He was assigned to Operation Safe Streets. He was on the case.
  Trial Counsel: I just wanted the day of his arrest and I move to strike that last comment, Your Honor.
  The Court: Stricken. It is not responsive. The jury will disregard it.
(D.I. 13, Appellant's Opening. Br. at 9, *Ayers v. State* (No. 14, 2002)).

First, Ayers faults his counsel for failing to object to the police officer's reference to OSS. He alleges that an objection would have been more favorable than moving to strike the testimony. However, a motion to strike is, in fact, a type of objection. *McCormick on Evidence,* § 52 (John W. Strong et al. eds., 5th ed.). When a proper question is asked, but the witness gives an improper or unresponsive answer, the approved "technique is to move to strike the objectionable evidence and request a curative instruction to the jury to disregard the evidence." Accordingly, trial counsel's motion to strike in these circumstances was reasonable.

**\*7** Second, Ayers contends that "defense counsel failed to move for a mistrial despite the fact that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 7

2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

jury was now told that the defendant was apparently being monitored by State Police agencies and thus was considered a dangerous person." (D.I. 23 at 9.) This allegation, however, is factually inaccurate, because the jury was never given an explanation about the meaning of OSS, or why Ayers was involved in it. As such, Ayers' unsupported allegation does not overcome the strong presumption that his counsel's performance was reasonable. *See Sistrunk v. Vaughn,* 96 F.3d 666, 671 (3d Cir.1996)(emphasizing that a petitioner must come forward with evidence sufficient to overcome the *Strickland* presumption that counsel's performance was reasonable).

Additionally, under Delaware law, "a mistrial is mandated only when there are no meaningful and practical alternatives to that remedy." *Dawson v. State,* 637 A.2d 57, 62 (Del.1994)(internal citations omitted). In Ayers' post-conviction appeal, the Delaware Supreme Court determined that the motion to strike and the curative instruction were meaningful alternatives to moving for a mistrial, indicating that a mistrial would not have been granted. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders,* 165 F.3d 248, 253 (3d Cir.1999). Thus, defense counsel's failure to move for a mistrial was reasonable, and the Delaware Supreme Court reasonably applied *Strickland* in denying this claim.

Finally, Ayers has not demonstrated the requisite prejudice under *Strickland* for either of these two ineffective assistance claims. The Superior Court instructed the jury to disregard the OSS statement, and no further reference to OSS was made during the rest of Ayers' trial. Courts normally presume "that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller,* 483 U.S. 756, 767 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)(internal citations omitted). Here, there is no indication that the jury in Ayers' trial did not follow the instruction to disregard the OSS reference. Further, considering that the OSS program was never explained to the jury, it is highly unlikely that the OSS reference had a "devastating" effect on Ayers' case.

Accordingly, the court will deny Ayers' ineffective assistance/failure to object claim as meritless. The court will also deny his ineffective assistance/mistrial claim for failing to satisfy the requirements of § 2254(d)(1).

C. Federal habeas review of the discovery violation claim is procedurally barred

Ayers' third claim asserts that the State did not timely disclose a prior drug conviction that would qualify him for an enhanced penalty. Ayers' state criminal record included a delivery charge which he believed had been reduced to a violation of probation. However, at sentencing, it turned out that the prior drug conviction had not been reduced and actually triggered a minimum mandatory sentence of fifteen years incarceration. Ayers argues that he may not have elected to proceed with a jury trial had he known about the possible sentencing consequences of the drug conviction.

**\*8** Ayers raised the discovery violation in his Rule 61 motion to the Superior Court. The Superior Court determined that Ayers presented this claim as an independent substantive claim and not as part of his ineffective assistance of trial counsel claim. Then, the Superior Court held that Rule 61(i)(3) barred further review because Ayers "did not raise this issue at the time of sentencing or on appeal ... [and][h]e has made no attempt to overcome the procedural bar." *State v. Ayers,* ID 9911005831, at 10 (Del.Super.Ct. Dec. 11, 2001).

Ayers appealed, this time presenting the discovery violation as part of his claim alleging ineffective assistance of appellate counsel. (D.I. 13, Appellant's Opening. Br. at 14, *Ayers v. State* (No. 14, 2002)). The Delaware Supreme Court rejected the discovery claim as procedurally barred under Delaware Supreme Court Rule 8 because "Ayers failed to raise any claim of inefficiency of appellate

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2005 WL 1106078 (D.Del.)

**(Cite as: 2005 WL 1106078 (D.Del.))**

Page 8

counsel in his [Rule 61 motion]." [FN8] *Ayers,* 802 A.2d at 285.

> FN8. Delaware Supreme Court Rule 8 states "[o]nly questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."

By dismissing Ayers' discovery claim pursuant to Rule 8, the Delaware Supreme Court plainly stated that its decision rested on state law grounds. *Harris v. Reed,* 489 U.S. 255, 23-65 (1989); *see Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). This court has consistently held that Delaware Supreme Court Rule 8 is an independent and adequate state ground precluding federal habeas review. *See Word v. Carroll,* 2004 WL 1941342, at *3 (D.Del. Aug.31, 2004); *Hubbard v. Carroll,* 2003 WL 277252, at *3 (D.Del. Feb.5, 2003); *Lawrie v. Snyder,* 9 F.Supp.2d 428, 452-53 (D.Del.1998). Thus, the court cannot provide federal habeas review of this claim unless Ayers establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to review the claim.

Ayers does not allege, and the record does not reveal, any cause for his failure to raise this claim on direct appeal. [FN9] In the absence of cause, the court does not need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Moreover, because Ayers has not alleged that he is actually innocent or presented any colorable evidence of his actual innocence, he has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. Accordingly, Ayers' unexcused procedural default of this claim precludes the court from reviewing the merits of the claim.

> FN9. Although ineffective assistance of appellate counsel could constitute cause, Ayers has not made any such assertion in his habeas petition.

D. Federal habeas review of Ayers' police perjury claim is barred due to his procedural default in the state courts

Ayers' final claim asserts police perjury. He alleges that police officers arrested Abbott after indicating to Abbott that he had been videotaped buying cocaine. However, the officers testified at trial that they did not actually see the drug transaction take place because hedges obstructed their view. It is unclear whether Ayers challenges the police officers' videotape reference made while arresting Abbott or the police officers' testimony at trial. Nevertheless, the State correctly asserts, and Ayers concedes, that he did not exhaust state remedies for this claim. (D.I. 1 at ¶ 13; D.I. 21 at ¶ 3.)

*9 Ayers' failure to exhaust is excused, however, because he cannot obtain further review of this claim by the state courts. First, Rule 61(i)(3) bars further review because Ayers did not raise this claim in the proceedings leading to his judgment, and he has not offered an explanation for this failure. *See Vickers v. Delaware,* 2002 WL 31107362, at *8 (D.Del. Sept.23, 2002). Del.Super. Ct.Crim. R. 61(i)(3). Second, Rule 61(i)(2) bars Ayers from asserting this claim in a new Rule 61 motion because he failed to assert it in his prior Rule 61 motion. Del.Super. Ct.Crim. R. 61(i)(2); *Carter v. Neal,* 910 F.Supp. 143, 150-51 (D.Del.1995).

Although Ayers' failure to exhaust state remedies is excused, this claim is still procedurally defaulted. Federal habeas review is unavailable unless Ayers demonstrates cause for, and prejudice resulting from, his procedural default. Ayers' inartfully drafted reply appears to allege his counsel's failure to raise this issue as cause for the default. *See* D.I. 21. Constitutionally ineffective assistance of trial or appellate counsel may constitute cause to excuse a procedural default in the state courts, but only if the ineffective assistance claim is independently exhausted. *Carrier,* 477 U.S. at 488-89; *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Finch v. Snyder,* 2000 WL

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 9
2005 WL 1106078 (D.Del.)
**(Cite as: 2005 WL 1106078 (D.Del.))**

52162, at *5 (D.Del. Jan.10, 2000). To the extent Ayers contends that his trial or appellate counsel failed to argue the police perjury issue, he never raised this issue as a basis of any of his numerous ineffective assistance claims presented to the state courts. Thus, his trial or appellate counsel's alleged failure to argue this issue cannot excuse his procedural default.

Moreover, to the extent Ayers attempts to blame his counsel on collateral review for the procedural default, he fails. The adequacy of a counsel's performance during a collateral proceeding does not present a cognizable issue on federal habeas review. Thus, any alleged ineffective assistance during Ayers' Rule 61 proceeding cannot excuse his procedural default. 28 U.S.C. § 2254(i); *Coleman,* 501 U.S. at 752-53; *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

Because Ayers has failed to demonstrate cause, the court need not reach the issue of prejudice. Furthermore, Ayers has not alleged that he is actually innocent, thereby failing to demonstrate that a fundamental miscarriage of justice will occur if the court does not review this claim. Thus, the court will dismiss this claim as procedurally barred.

IV. EVIDENTIARY HEARING

Ayers requests an evidentiary hearing. (D.I. 23 at 11.) Pursuant to AEDPA, a federal habeas court has discretion to conduct an evidentiary hearing in extremely limited circumstances. 28 U.S.C. § 2254(e); *Campbell v. Vaughn,* 209 F.3d 280, 286-87 (3d Cir.2000). Ayers does not identify any evidence outside the record that would help his petition, nor does he explain how his claims would be advanced by an evidentiary hearing. Thus, the court denies Ayers' request for an evidentiary hearing.

V. CERTIFICATE OF APPEALABILITY

*10 When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The court concludes that Ayers' habeas claims do not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

VI. CONCLUSION

For the reasons stated, Ayers' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Andrew Ayers' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I.1.)

2. The court declines to issue a certificate of appealability.

2005 WL 1106078 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00281  (Docket)
                                              (Mar. 13, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.