**Westlaw Attached Printing Summary Report for SMITH, GREGORY E 2301848**

| | |
|---|---|
| Your Search: | CLAIM /P PRESENT! /P STATE /P LAW /P NOT /P FEDERAL /P HABEAS /P COGNIZABLE |
| Date/Time of Request: | Monday, July 25, 2005 11:27:00 Central |
| Client Identifier: | DOJ-SMITH V. CARROLL |
| Database: | DCTDE |
| Citation Text: | Not Reported in F.Supp. |
| Lines: | 2208 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Westlaw.

Not Reported in F.Supp.    Page 1

1993 WL 643368 (D.Del.)

**(Cite as: 1993 WL 643368 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Andre Stanley DEPUTY, Petitioner,
v.
Stanley TAYLOR, Warden, Sussex Correctional Institution, Respondent.
**Civ. A. No. 93-387 LON.**

Aug. 17, 1993.

Kevin J. O'Connell, and Paula G. Caputo of Cooch & Taylor, Wilmington, for petitioner.

Fred S. Silverman, Dept. of Justice, Wilmington, for respondent.

MEMORANDUM OPINION

LONGOBARDI, Chief Judge.

I. INTRODUCTION

*1 Presently before the Court are some "preliminary" motions brought contemporaneously with the habeas corpus petition filed by Petitioner Andre Stanley Deputy ("Deputy") pursuant to 28 U.S.C. § 2254. *Deputy v. Taylor,* C.A. No. 93-387 LON. In particular, Deputy requests: (1) leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases, Docket Item ("D.I.") 5; (2) authorization to compensate a psychiatric expert, D.I. 4; and (3) an expansion of the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases, D.I. 6.

Also before the Court is Deputy's motion for stay of execution, D.I. 3, filed in conjunction with his habeas petition. For the reasons stated below, the motions for leave to conduct discovery, for authorization of funds to compensate a psychiatric expert and for an expansion of the record will be denied. Deputy's motion for a stay of execution will also be denied and his habeas petition will be dismissed as lacking merit. A certificate of probable cause will not issue.

II. FACTUAL AND PROCEDURAL BACKGROUND [FN1]

Petitioner, in the company of William Henry Flamer ("Flamer") was stopped by police on February 7, 1979. The police arrested Flamer for the robbery and murders of his aunt and uncle and took Deputy into custody at that time. While the Petitioner was in custody, police became aware of information providing probable cause for Deputy's arrest for taking part in the killings. Deputy was presented to the Justice of the Peace Court in Kent County, Delaware, on February 8, 1979, at which time he was formally charged. On April 2, 1979, Petitioner was indicted by the Kent County Grand Jury.

Following a jury trial in February, 1982, Petitioner was convicted of two counts of intentional murder, two counts of felony murder, one count of first degree robbery and one count of possession of a deadly weapon during the commission of a felony. Pursuant to 11 Del.C. § 4209, the jury voted unanimously to impose the death penalty for the four murder counts. On direct appeal, the Supreme Court of the State of Delaware overturned the convictions for intentional murder while affirming the convictions and sentences on the remaining charges. *Deputy II.*

Petitioner pursued post-conviction relief in the Superior Court for Kent County under Delaware Superior Court Criminal Rule 61. *See* Petitioner's Amended Motion for Post-Conviction Relief. After eighteen days of evidentiary hearings, Judge Myron T. Steele issued an interim opinion dismissing many of the counts in Deputy's motion. *State v. Deputy,* Del.Super., Cr.A. Nos. IK79-11-0232-0235RI and IK79-03-0011, 0013RI,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2

1993 WL 643368 (D.Del.)

**(Cite as: 1993 WL 643368 (D.Del.))**

Steele, J. (Dec. 12, 1989) ("Steele I"). Thereafter, Judge Steele dismissed the remaining claims. *Id.,* Dec. 27, 1990 ("Steele II"). On appeal, the Supreme Court affirmed. *Deputy v. State,* Del.Supr., 602 A.2d 1081 (1991) ("Deputy III").

On October 3, 1991, Deputy filed his original petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Deputy v. State,* C.A. No. 91-543 LON, D.I. 2. Subsequently, Petitioner was appointed counsel and granted leave to amend his first petition. This petition was filed on February 26, 1992. D.I. 23. Contemporaneously with this filing, Deputy filed three motions: (1) a motion to obtain leave for discovery, D.I. 22; (2) a motion seeking permission to authorize compensation for a psychiatric expert, D.I. 21; and (3) a motion seeking to expand the record, D.I. 20. The State filed its answer to Petitioner's amended petition on March 23, 1992. D.I. 28.

**\*2** Upon the completion of all briefing in conjunction with the amended habeas petition and the related motions, the case was referred to the Honorable Mary Pat Trostle, Federal Magistrate-Judge. D.I. 51. The Magistrate-Judge issued a Report and Recommendation on April 23, 1993. D.I. 52. Deputy filed Objections to the Report on May 7, 1993. D.I. 54.

On May 28, 1993, this Court reviewed the Magistrate-Judge's Report and Recommendation *de novo* and ordered that the amended petition be dismissed without prejudice pursuant to *Rose v. Lundy,* 455 U.S. 509 (1982), on the grounds that it contained both exhausted and unexhausted claims. D.I. 55. Petitioner was instructed that he had the option of returning to State Court to exhaust his claims before returning to District Court or to resubmit the original amended habeas petition presenting only the exhausted claims to the District Court. *Id.* The Court ordered that the resolution of the outstanding motions was "premature." *Id.*

Petitioner sought to exhaust those unexhausted claims. On July 30, 1993, Judge Steele sentenced Deputy to be executed on August 19, 1993, and denied his motion for stay of execution. Counsel for the Petitioner was instructed to file his Rule 61 Petition no later than August 2, 1993.

On August 11, 1993, Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254. *Deputy v. Taylor,* C.A. No. 93-387 LON, D.I. 2. Petitioner also renewed his prior motions for leave to take discovery, D.I. 5, authorization of funds for a psychiatric expert, D.I. 4, and expansion of the record, D.I. 6. Petitioner has represented that the present habeas petition has abandoned those claims being reviewed by Judge Steele. [FN2] The State responded to the petition and the motion to stay on August 12, 1993. D.I. 11. Pursuant to Rule 8 of the Rules governing section 2254 cases, the Court finds no evidentiary hearing is necessary and disposition of the motion and petition are proper at this time. [FN3]

### III. PRELIMINARY MOTIONS
A. Motion for Leave to Take Discovery

Petitioner seeks the following discovery in order "to present sufficient evidence of facts material to the constitutional claims asserted in his Petition for Writ of Habeas Corpus." Specifically, Petitioner requests:

1. Any and all documents or other written materials relating to the racial composition of the Kent County grand juries which indicted the petitioner during March and November of 1979;
2. Any and all documents or other written materials which demonstrate whether and in what way the Grand Jury selection process complied with the requirements of State (10 Del.C. Chapter 45) and Federal law in Kent County during 1979;
3. Any and all juror questionnaire forms filled out by the panel members of the petit venire assembled for the purposes of petitioner's trial which took place between January 27, 1982 and February 10, 1982;
4. A transcript of the first recorded statement taken by the Delaware State Police from the petitioner on February 7, 1979; and
**\*3** 5. Any and all documents which were discoverable under *Brady v. Maryland,* 373 U.S. 83 (1963), but which were not produced by the prosecution despite being requested in trial

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3

1993 WL 643368 (D.Del.)

**(Cite as: 1993 WL 643368 (D.Del.))**

counsel's discovery letter dated April 10, 1979. D.I. 5.

This Court has the discretionary authority to permit discovery under Rule 6 of the Rules Governing Section 2254 Cases. In relevant part, Rule 6 provides:
> (a) Leave of court required. A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and *for good cause shown* grants leave to do so, but not otherwise.... (Emphases added).
> (b) Requests for discovery. Requests for discovery shall be accompanied by a statement of the interrogatories or requests for admission and a list of the documents, if any sought to be produced.

Petitioner seeks additional discovery through requests numbered 1, 2 and 3 so that he may more freely develop and present facts and arguments on his claim numbered 36. That claim, based solely on "information and belief", contends the grand jury indictment under which he was charged was invalid because of the "systematic exclusion from the grand jury of minorities, specifically, blacks" in violation of his constitutional rights to due precess and equal protection of the law.

Whether to grant the request or not is dependent on whether the Court would entertain an argument on claim 36. If the Court were to conclude that Petitioner would not be permitted to address the constitutional issue, there obviously would be no need for additional discovery.

Petitioner raised the grand jury composition issue for the first time in his motion for post-conviction relief in April of 1989. In this petition, that claim has been linked with the ineffective assistance of counsel claim and also listed independently. The Superior Court dismissed the claims related to grand jury composition by stating the claims "presumed facts that are contrary to the record or have never been proved."

Steele I.

Deputy has never attempted to show cause why he never raised this objection prior to trial as mandated by Superior Court Rule of Criminal Procedure 12(b)(2) [FN4] which was in effect at that time. And now, approximately fourteen years after he was indicted and based only on information and belief that the grand jury composition may have been constitutionally tainted, he seeks discovery to flush out his suspicions.

The specific pleading required by Rule 2(c) of the Rules governing section 2254 requires more; it does not countenance notice pleading. *Mayberry v. Petsock,* 821 F.2d 179, 185 (3rd Cir.), *cert. denied,* 484 U.S. 946 (1987). "Discovery and an evidentiary hearing should not be available to a habeas petitioner who claims relief ... unless the petitioner sets forth facts with sufficient specificity that the District Court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." *Id.* at 186. [FN5]

**\*4** In addition, the information which the Petitioner seeks is held, if at all available, not by the State of Delaware but by the Prothonotary of Kent County and Petitioner has had access to that office, to its officers, employees and its records for all these years. Plus, the Petitioner even obtained an order from the Superior Court requiring the Prothonotary of Kent County to supply the information he now seeks. This was sometime before May, 1989. Now, four years later, in the absence of any evidence of why he has not received the information, why he has not pursued and sought enforcement of the Superior Court Order, or even whether there has been a response from the Prothonotary, Petitioner seeks another order from another judge in another court system to do the same thing.

For all these reasons, Deputy has not shown "good cause" for the allowance of discovery. [FN6]

Similarly, Petitioner cannot satisfy the "good cause" requirement with respect to discovery requests 4 and 5. [FN7] Concerning request 4,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4
1993 WL 643368 (D.Del.)

**(Cite as: 1993 WL 643368 (D.Del.))**

Petitioner cannot demonstrate how the discovery of this statement has even the slightest chance of producing information that would bolster a bona fide constitutional claim. As for his request for *Brady* materials, Petitioner has likewise not shown the requisite "good cause." At this late date, Petitioner "is not entitled to go on a fishing expedition through the State's files in the hopes of finding some evidence. Because [Petitioner] ha[s] not produced any specific evidence that supports [its] claims that Brady materials ... exist, no discovery will be permitted." *Munoz v. Keane,* 777 F.Supp. 282, 287 (S.D.N.Y.1991) (discovery request in habeas petition denied for failure to show good cause under Rule 6), *judgment aff'd sub nom. Linares v. Senkowski,* 964 F.2d 1295 (2d Cir.), *cert. denied,* 506 U.S. 986, 113 S.Ct. 494 (1992).

B. Motion for Funds for Psychiatric Examination

Petitioner's next "preliminary" motion seeks to obtain authorization for the compensation of a psychiatric expert in order to evaluate the Petitioner. In accordance with an Order by Judge Steele dated May 4, 1979, Petitioner was provided with extensive psychological and psychiatric examinations and reports at trial from two separate doctors. [FN8] *See* C.A. No. 91-543 LON, D.I. 31 at A-1, Appendix A. At his initial Rule 61 post-conviction relief proceedings, Deputy was examined by psychiatrist Floyd S. Cornelison, Jr., M.D. and it is he for whom the Petitioner seeks Court authorization for "reasonable funds for expert assistance and presentation of expert testimony." C.A. No. 93-387 LON, D.I. 4.

Petitioner argues that during his examination, Dr. Cornelison saw signs that the Petitioner may have suffered from "post-traumatic" syndrome at the time of the offense. [FN9] Petitioner contends that Judge Steele's decision to cut off funding to Dr. Cornelison deprives Petitioner the opportunity to fully and fairly develop bona fide constitutional claims. The crux of this request is that Petitioner needs this evidence to further bolster his numerous claims that his trial counsel provided ineffective assistance by failing to sufficiently investigate his mental competence so that he could offer it as a mitigating factor both at the guilt and penalty phases of the proceedings. [FN10]

**\*5** Petitioner relies on *Ake v. Oklahoma,* 470 U.S. 68 (1985), to support his request for appointment and authorization of funds for a psychiatric expert. This reliance is misplaced. *Ake* held specifically that the State is required to provide an indigent defendant with a competent psychiatrist to conduct an appropriate psychiatric examination so that an indigent defendant can participate meaningfully *at trial* regardless of his/her financial condition. *Id.* at 83. [FN11] There is no constitutional requirement that the State provide a psychiatrist for post-conviction proceedings. Thus, it is apparent that the State went beyond what is required by *Ake* when it provided Petitioner with a third expert (Dr. Cornelison) for the post-conviction proceedings.

More significantly, the Court holds that the Petitioner's theory of ineffective assistance of counsel has been exceptionally documented in the total record and that theory will in no material way be advanced by further psychiatric examination of the Petitioner. An opinion from Dr. Cornelison diagnosing that Deputy was suffering from a mental impairment at the time the offenses were committed based on observations made nearly fourteen years after the fact would not be probative. [FN12] Accordingly, Petitioner's "funding" request for a further review by Dr. Cornelison is denied. [FN13]

　　IV. MERITS OF THE HABEAS PETITION
Deputy raises thirty-two grounds allegedly warranting habeas relief. *See* C.A. No. 93-387 LON, D.I. 2, ¶¶ 36-37. The State has responded with a supplemental memorandum that also incorporates the State's answer and brief in response to Deputy's original amended habeas petition. *See* C.A. No. 91-543 LON, D.I. 28, 45. Due to the summary nature of Deputy's most recent pleading, the Court has referenced *all* prior submissions by the parties in connection with the original amended petition (C.A. No. 91-543 LON, D.I. 23). [FN14]

To that end, the Court makes a significant observation: The State's response to the original amended petition does not correspond identically

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                                    Page 5

<P ALIGN=JUSTIFY