IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH M. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civil Action No. 05-262-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

At Wilmington this **8th** day of August, 2005;

IT IS ORDERED that:

Petitioner Kenneth M. Smith's letter motion requesting representation by counsel is DENIED without prejudice to renew. (D.I. 10)

Petitioner, a pro se litigant, has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, a court may seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6

F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require"). Here, Petitioner seeks representation by counsel because he believes "that had [he] had an attorney when initially charged, [he] would not be in this current situation." (D.I. 10) This reason fails to demonstrate that the interests of justice warrant representation by counsel at this time.

                                                                         /s/ [signature]
UNITED STATES DISTRICT JUDGE